# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **T.P.**

**No. 19-0399** (Wirt County 18-JS-6)

**FILED**

**June 18, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner T.P., by counsel Andrew J. Hilber, appeals the Circuit Court of Wirt County's March 25, 2019, dispositional order committing him to the custody of the Division of Health and Human Resources ("DHHR") for temporary placement in a residential treatment facility and continuing his probation until age eighteen.[1] Respondent the State of West Virginia, by counsel Shannon Frederick Kiser, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 8, 2018, a petition was filed with the circuit court alleging that Petitioner T.P., then thirteen years old, is a delinquent child within the meaning of Chapter 49 of the West Virginia State Code. That petition further alleged that T.P. had habitually and continually failed to attend school without just cause; specifically, it alleged that petitioner had been absent twenty-five times, twenty-four of which were unexcused. In its November 8, 2018, order, the circuit court appointed counsel for T.P. and ordered that the petition be filed. At the adjudicatory hearing held in December of 2018, T.P. admitted the conduct alleged and the matter was referred to the DHHR. On December 20, 2018, the State filed a motion to modify disposition, alleging two violations of the circuit court's December 10, 2018, order. At a hearing on January 18, 2019, T.P. admitted to the allegations contained in the motion to modify disposition, adding that he had not attended school since his adjudication as truant. During that hearing, temporary custody was placed with

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

the DHHR pending a multidisciplinary team ("MDT") meeting and a disposition hearing.[2]

On March 4, 2019, petitioner and numerous others appeared for the disposition hearing before the circuit court. During that hearing, T.P.'s mother orally presented an alternative plan[3] to the circuit court that included placement in the community. Thereafter, the circuit court entered its March 25, 2019, order setting forth the following relevant findings:

> (1) "Giving preference to the least restrictive placement of the juvenile, it is contrary to the child's best interest for the child to be returned to his home, as his mother [] is unable to provide structure and discipline in a setting that the juvenile will respond to. The child's current placement at the Genesis Youth Center is appropriate until such time as a placement such as Yore Academy or Yale Academy is available to provide treatment services which will appropriately meet the underlying needs of the juvenile."
> (2) "Reasonable efforts have been made to avoid placement out of the home including, but not limited to, the [DHHR] providing in home services, a [Comprehensive Assessment and Planning System] assessment, prior shelter placements, psychiatric services, psychological services, outpatient counseling and supervision[;] however[,] it is contrary to the best interests of the juvenile to remain in the community or the home of his parents."

(3) The [DHHR] is making reasonable efforts to avoid out of home placement and achieve permanency." (4) "The permanency plan is reunification of the child with his mother." (5) The DHHR shall continue to have custody of the child. (6) T.P. shall remain on probation until the age of eighteen. (7) "Yore Academy or Yale Academy does not create an undue burden upon the juvenile or his family." The matter was also set for a review hearing. Petitioner appeals from that order.[4]

---

[2] The findings from the January 18, 2019, hearing were memorialized in the circuit court's February 7, 2019, order. The transcript of that proceeding was not included in the record before this Court.

[3] T.P.'s mother proposed that T.P. could be home schooled and receive in-home services, but the circuit court noted during the hearing that it had been unable to reach the mother by phone when it needed to and that T.P. had failed to undergo a Comprehensive Assessment and Planning System as ordered.

[4] We remind petitioner's counsel of his obligation under Rule 10(c)(4) of the West Virginia Rules of Appellate Procedure, which requires that a petitioner's brief "shall contain" the following:

> *Statement of the Case*: Supported by appropriate and specific references to the appendix or designated record, the statement of the case must contain a concise account of the procedural history of the case and a statement of the facts of the case that are relevant to the assignments of error.

Petitioner's three-paragraph Statement of the Case lacks any citation to the record.

"[T]he standard of review with regard to a circuit court's sentencing order or disposition . . . is whether the circuit court's ruling constitutes an abuse of discretion." *State v. Kenneth Y.*, 217 W. Va. 167, 170, 617 S.E.2d 517, 520 (2005) (citations omitted). "[D]iscretionary, dispositional decisions of the trial courts should only be reversed where they are not supported by the evidence or are wrong as a matter of law." *In re Thomas L.*, 204 W. Va. 501, 503, 513 S.E.2d 908, 910 (1998) (internal quotations and citation omitted).

On appeal, petitioner sets forth a single assignment of error: the circuit court erred by placing T.P., a first-time status offender, in an out-of-home placement before first finding there was a substantial violation of a court order, as required by statute. He asserts that the circuit court was required to specifically find that T.P. substantially violated its prior order. Petitioner's argument is based upon West Virginia Code § 49-4-718(b), which provides, in relevant part:

> If the motion or request for review of disposition is based upon an alleged violation of a court order, the court may modify the disposition order and impose a more restrictive alternative if it finds clear and convincing proof of substantial violation. In the absence of such evidence, the court may decline to modify the dispositional order or may modify the order and impose one of the less restrictive alternatives set forth in section seven hundred twelve of this article.

He argues that in *State v. McDonald*, 173 W. Va. 263, 314 S.E.2d 854 (1984), this Court found that substantial violations are not a perfunctory requirement with bright line rules but are important issues to be carefully examined and delineated. Petitioner contends that in that case, this Court set forth examples of factors to consider when deciding if there had been a substantial violation of a court order for a juvenile, including absent criminal nature of the conduct, likeliness of reoccurrence, compliance with other terms of a court order, and any improvement in the child's behavior since the violation. In the instant case, petitioner was alleged to have committed the status offense of truancy by continuously failing to attend school without just cause. The motion to modify disposition was based upon further truant behaviors and failing to report for a CAPS assessment. Without citing to the record or any authority, petitioner notes that those alleged violations are not claimed as substantial violations. At the March 4, 2019, hearing, the circuit court found on the record that petitioner's "needs could best be met temporarily in a treatment facility," but it failed to find on the record that the violations were substantial violations. He argues that "whether out-of-home placement for the [s]tatus [o]ffender was the best to address his needs, the [c]ircuit [c]ourt did not have the authority to do so because no substantial violations were found, as required by West Virginia Code § 49-4-718."

The circuit court's January 2, 2019, order reflects T.P.'s admission that he had been truant and the court's finding that the State had proven by clear and convincing evidence that T.P. is habitually absent from school without just cause as alleged in the petition. The motion to modify disposition alleged that since the referral to the DHHR, the child had continued to miss school. In its February 7, 2019, order, the circuit court specifically found that T.P. "has not attend[ed] school since he was adjudicated as truant." It went on to find there was clear and convincing evidence that there is a factual basis for his admission of continued truancy and that he

violated the terms and conditions set for him in this matter by not attending school or participating in home schooling and by not complying with [the] requirement that he have a psychological examination all of which render it contrary to the best interest and welfare of the child to remain in his home and there is a need for extra parental supervision.

Thereafter, during the March 4, 2019, disposition hearing, the court said that

considering everything before it and the child's needs, the [c]ourt believes his needs can best be met temporarily in a treatment facility where they can address both the educational issues, the substance abuse issues and the other – oppositional defiant issues, and that can be accomplished at Yore Academy or a similar facility. . . . So the [c]ourt will make the [Rule] 4(e) findings that it would be contrary to his interests to return home until he has completed the residential treatment program – hopefully, he'll go through that smoothly – with a permanency plan to return to the home of his mother just as soon as he completes that program. And the more he works at it, the sooner he can get home.

In *McDonald*, this Court stated that

[t]he probation violations which precipitated this proceeding were hardly substantial, involved no criminal conduct on appellant's part, and seem unlikely to recur given his present attitudes. We consider the appellant's association with Rexrode to be an insufficient reason to revoke his probation, particularly since such behavior had already been condoned by his probation officer under other circumstances. As to the curfew violation, the record seems to indicate that but for the accident, the appellant could have been home on time.

173 W. Va. at 267-68, 314 S.E.2d at 858-59.

In the instant matter, while petitioner's truant conduct was not criminal, it was highly likely to recur given that he admitted failing to attend school subsequent to his adjudication as truant. The circuit court ordered extra parental supervision and in-home treatment facilitated by the DHHR, but petitioner continued to miss school and failed to undergo the CAPS assessment for further treatment. Thus, his actions are unequivocally in violation of the circuit court's prior order. The circuit court specifically acknowledged its preference for the least restrictive disposition, as required by *McDonald*. It placed T.P. in an out-of-home treatment facility for a limited time in order to address T.P.'s truancy, oppositional defiance, and drug abuse.[5] In doing so, the court found that T.P. could not be placed in the home at that time because his mother was unable to provide structure and discipline in a setting that the juvenile will respond to. However, once he receives the help he needs, the "permanency plan is reunification of the child with his mother." The evidence below clearly indicates that T.P. was failing to thrive under the structure set forth by his

---

[5] The court report completed by the juvenile probation officer indicates that T.P. used both drugs and alcohol.

mother, largely due to the family's failure to follow through with treatment.[6] As recognized by T.P.'s probation officer, T.P. is a smart individual who could thrive scholastically if given the correct opportunity to do so. Therefore, despite the fact that the circuit court did not use the phrase "substantial violation," it impliedly made that finding. We decline to elevate form over substance in this instance.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 18, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[6] This Court directs that if T.P. has not yet been admitted for treatment at Yore Academy or Yale Academy, as set forth in the circuit court's order, he shall be placed in an appropriate treatment facility with immediate availability.